GRENNER v. BLOOM.

(Supreme Court, Appellate Term.   April 9, 1912.)

CONTRACTS (§ 350*)—ACTION—EVIDENCE.

In an action on a contract employing plaintiff to obtain the consent of a church located within 200 feet of defendant's premises, to the granting of a liquor license to defendant, evidence *held* insufficient to sustain a judgment for plaintiff.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1819–1823; Dec. Dig. § 350.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Louis S. Grenner against Sol Bloom. From a judgment of the Municipal Court of the City of New York for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued March term, 1912, before GUY, LEHMAN, and BIJUR, JJ.

Einstein, Townsend & Guiterman (S. G. Nissenson, of counsel), for appellant.

Olcott, Gruber, Bonynge & McManus (Terence J. McManus and Albert M. Levy, of counsel), for respondent.

LEHMAN, J. The defendant was desirous of obtaining a liquor license for use in premises on West Forty-Second street owned by him. These premises were within 200 feet of two churches situated on the same street. The defendant employed the plaintiff for the purpose of obtaining the consents required for the issuance of a license. The exact terms of the agreement under which the plaintiff was employed are disputed, but it was certainly agreed that the plaintiff should obtain the necessary consents, and that he should be paid $400 if consent from only one church was required, and a larger amount if consents from both churches should be required.

It appears that it was clearly impossible to put any entrance in the defendant's premises which would be more than 200 feet away from the nearest entrance of one of the churches, but the parties contemplated the possibility of placing the entrance to the premises at or near the extreme end and more than 200 feet from the nearest entrance of the second church. While the evidence produced by the plaintiff is not entirely clear as to the position where defendant was willing to place this entrance, it seems to me that it was established almost beyond dispute that the entrance was to be 8 feet wide and 8 feet from the west end of the building. The plaintiff himself so stated in a letter to the defendant, written on July 27th, while he was still in the defendant's employ. Moreover, the plaintiff had previously obtained a diagram from a man employed to make measurements for the license bonding companies, and had shown this diagram to the defendant as a basis for his claim that only the consent of one church was necessary. This diagram shows an entrance 8 feet distant from the west end of the defendant's premises, and, while it shows that the entrance contemplated was 201 feet from a side door of the church, it fails to show the width of this entrance. In the absence of evidence as to the contemplated width of the entrance, it is not clear that the center of the entrance was to be 8 feet from the west end of the premises and more than 200 feet from the side door of the church. The defendant, however, showed by his architect that the church had a second entrance in the front, and that this entrance was only 198 feet 4½ inches from an entrance 8 feet wide and 8 feet distant from the west end of defendant's premises. Under these circumstances I think it impossible to hold that plaintiff has shown compliance with the terms of his employment.

134 N.Y.S.—37

In order to recover in this action, the plaintiff must show by credible evidence that the defendant agreed that the center of the proposed entrance, and not the end, was to be placed within 8 feet of the west wall of defendant's premises, and that the consent of the one church obtained by him was all that was required by his contract.

Judgment should be reversed, and a new trial ordered, with costs. to appellant to abide the event. All concur. .